IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,631-01 AND WR-66,631-02






EX PARTE ADAM RYAN SHIELDS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 4836-A AND 4813-A IN THE 100
TH DISTRICT COURT


FROM CHILDRESS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to a child
and possession of a controlled substance and sentenced to fifty (50) years' imprisonment in each
case. He did not appeal his convictions.

 Applicant contends that his guilty pleas were involuntary because he was not competent to
enter his pleas. He alleges that he never admitted to intentionally injuring a child but only admitted
to using illicit drugs. Applicant alleges that he was not properly admonished as to the consequences
of his pleas. Also, Applicant alleges that counsel's representation was tainted by a conflict of
interest because counsel represented Eugene Davies at the same time as he represented Applicant
and Davies testified against Applicant in the possession of a controlled substance case. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall also make findings of fact as to whether counsel believed that
Applicant was competent when he entered his pleas. The trial court shall also make findings of facts
as to whether counsel represented any individual who testified against Applicant at the same time
as he represented Applicant. The trial court shall make findings of fact as to whether Applicant was
properly admonished as to the consequences of his guilty pleas and, if so, shall supplement the
record with a copy of the written admonishments. The trial court shall also supplement the record
with a transcription of the court reporter's notes from any competency hearing. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 7, 2007

Do not publish